**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PRESTON JEROME TAYLOR,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO.  26-00266-KD-B** |
| | * | |
| **SECURUS TECHNOLOGIES,** | * | |
| | * | |
| **Defendant.** | * | |

**ORDER**

This action is before the Court on review.[1]  Plaintiff Preston Jerome Taylor, an Alabama state inmate proceeding without an attorney, filed a two-page letter purportedly initiating a class action lawsuit against Defendant Securus Technologies for breach of contract in connection with tablets the Defendant provided to Alabama state inmates.  (Doc. 1).  As best the Court can discern, Taylor seeks reimbursement of $7,000 that he alleges he paid to Defendant for the purchase of "music, pictures, games, and emails" on Defendant's tablets.  (Id. at 1).  At the time Taylor filed his letter, he neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required.

---

[1]    This matter was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

### I.   Failure to Pay Filing Fee or to File Motion to Proceed without Prepayment of Fees

Taylor is **ORDERED** to either (1) pay the **$405.00** filing and administrative fees for a civil action on or before **September 18, 2026,** or (2) file a motion to proceed without prepayment of fees on or before **September 18, 2026.** If Taylor elects to file a motion to proceed without prepayment of fees, his motion must be on this Court's standard form for a motion to proceed without prepayment of fees. The motion must be fully completed and must include a certificate completed and signed by an authorized prison official. The motion must also include a financial statement reflecting all transactions in Taylor's inmate trust fund account for the six-month period immediately preceding the filing of this action.

### II.  Failure to Allege Facts Establishing this Court's Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal

2

question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[2]  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). "The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"  DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (citations omitted).

Here, Taylor's letter fails to provide the Court with any basis to exercise federal subject matter jurisdiction over this action.  Taylor does not state whether his purported claim is pursuant to a federal statute nor does he allege that he and the Defendant are citizens of different states and that the amount in controversy exceeds $75,000.  Furthermore, Taylor's purported class action is not cognizable because as a non-attorney litigant representing himself, Taylor cannot bring a class action on behalf of his fellow inmates.  See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

---

[2]  To establish diversity jurisdiction in cases between United States citizens, a plaintiff must show that the amount in controversy exceeds $ 75,000 and that the case is between citizens of different states. 28 U.S.C.S. §1332(a).

3

(emphasis added)); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (28 U.S.C. § 1654 "appears to provide a personal right that does not extend to the representation of the interests of others"); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (extending Timson's holding to class action lawsuits brought by inmates on behalf of other inmates); Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." (citations omitted)). Accordingly, Taylor cannot litigant this case on behalf of other inmates, and his letter fails to establish subject matter jurisdiction.

The Court is cognizant that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys" and as a result, are "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). That said, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Thus, based on the foregoing, Taylor is **ORDERED** to file, on or before **September 18, 2026,** an amended complaint which states a valid basis for

4

federal subject matter jurisdiction.

Taylor is **cautioned** that if he fails to fully comply with this order within the prescribed time, or if he fails to immediately notify the Court in writing of any change in his address, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to obey the Court's order.

The Clerk of Court is **DIRECTED** to send Taylor a copy of this Court's standard form for a motion to proceed without prepayment of fees.

**ORDERED** this **7th** day of **August, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**