**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PRESTON JEROME TAYLOR,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 26-00266-KD-B** |
| | * | |
| **SECURUS TECHNOLOGIES,** | * | |
| | * | |
| **Defendant.** | * | |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Preston Jerome Taylor, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's order.

### I. BACKGROUND

Plaintiff Preston Jerome Taylor, an Alabama state inmate proceeding without an attorney, filed a two-page letter purportedly initiating a class action lawsuit against Defendant Securus Technologies for breach of contract in connection with tablets the Defendant provided to Alabama state inmates. (Doc. 1). At the time Taylor filed his letter, he neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required. In an order dated August 7, 2026, the Court directed Taylor to pay the $405.00 filing fee or to file a motion

to proceed without prepayment of fees no later than September 18, 2026. (Doc. 2). The Court also advised Taylor that his letter failed to provide the Court with any basis upon which to exercise federal subject matter jurisdiction. Accordingly, Taylor was directed to file, on or before September 18, 2026, an amended complaint which provided a valid basis for federal subject matter jurisdiction. Taylor was also advised that if he failed to fully comply with the Court's order within the prescribed time, the undersigned would recommend that his action be dismissed for failure to prosecute and failure to obey the Court's order.

To date, Taylor has not paid the filing fee or filed a motion to proceed without prepayment of fees. He has also failed to file an amended complaint. And a review of the docket reflects that his copy of the Court's order dated August 7, 2026, has not been returned to the Court as undeliverable.

## II. DISCUSSION

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b)); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient

disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The undersigned hereby recommends that the instant action be dismissed without prejudice based on Taylor's failure to prosecute and to obey the Court's order dated August 7, 2026, directing him to timely pay the filing fee or file a motion to proceed without prepayment of fees and to file an amended complaint by September 18, 2026. (Doc. 2). As noted previously, Taylor was cautioned that failure to comply with the Court's order within the prescribed time would result in a recommendation from the undersigned that his action be dismissed for failure to prosecute and to comply with the Court's order. (Id.). At this juncture, Taylor's inaction strongly suggests that he has lost interest in and abandoned the prosecution of this action. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**

pursuant to Rule 41(b) and/or this Court's inherent authority, as it appears no lesser sanction will suffice to induce Taylor's compliance.

**III. CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** due to Taylor's failure to prosecute and failure to obey the Court's order.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge’s report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**ORDERED** this **19th** day of **October, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**